**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **MOLLI CHANG**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CHRISTOPHER JACKSON, et al.,**<br><br>**Defendant.** | **Case No.: 8:22-cv-02208-GLS** |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF THE MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM INTRODUCING CERTAIN CATEGORIES OF MEDICAL RECORDS AND BILLS AS DAMAGES**

Defendant Washington Metropolitan Area Transit Authority, by and through undersigned counsel, hereby respectfully requests this Honorable Court issue an Order precluding Plaintiff from introducing evidence, entertaining any line of questioning, or argument, related to certain categories of damages. WMATA anticipates that Plaintiff will attempt to introduce categories of medical records that have no expert support and will attempt to introduce medical bills that are duplicative. In support thereof, WMATA states as follows:

## INTRODUCTION

Plaintiff alleges that she was using the crosswalk at the intersection of Georgia Avenue and Wayne Avenue in Silver Spring, Maryland when a WMATA Metrobus attempted to make a right-hand turn. Plaintiff claims that she was forced to jump out of the way of the Metrobus, and that, while jumping away, she struck her right hand against the side of the Metrobus. As a result, she alleges injuries to her right hand and right elbow.

Plaintiff claims that WMATA's driver was negligent in operating the Metrobus which resulted in injury to her right hand. WMATA strongly contests liability in this case. Similarly,

WMATA strongly disputes Plaintiff's ability to introduce many of her numerous medical records and bills at trial.

Plaintiff failed to designate the proper experts to opine as to the fairness and reasonableness of the claimed medical treatments and bills. Plaintiff further seeks to recover for duplicative billing. Throughout Plaintiff's written discovery responses, Plaintiff's expert discovery, and her own deposition testimony, Plaintiff maintained that her alleged harm is limited to her right hand and right elbow. However, in her document production and her filed Stipulation of Damages [ECF No. 18], Plaintiff included medical records for treatment of unrelated injuries and ailments, and then included bills for that unrelated treatment in her total claimed medical expenses for this incident.

Plaintiff also produced a multitude of records and bills for acupuncture and massage treatment. However, she did not delineate which of these treatments were for her right hand and right elbow and which treatments are for unrelated ailments. Plaintiff further failed to designate any expert to testify regarding either the necessity for such treatments or the reasonableness of the charged fees.

In addition, Plaintiff included in her total damage amount duplicative bills, as discussed below. As discussed below, the Court should not permit Plaintiff to recover for the same items of damage more than once.

WMATA requests the Court narrow Plaintiff's introduction of evidence as well as argument for fee and cost recovery, to those treatments that are (1) relevant to the alleged damages; (2) properly supported by expert testimony and opinions; and (3) would not result in duplicative recovery.

## ARGUMENT

**I. Plaintiff Failed to Identify an Expert to Opine on the Reasonableness of the Identified Medical Bills**

"'In order for the amount paid or incurred for medical care to be admissible as evidence of special damages, there ordinarily must be evidence that the amounts are fair and reasonable.'" *Desua v. Yokim*, 137 Md. App. 138, 143, 768 A.2d 56, 59 (2001). Here, Plaintiff failed to designate experts who can testify as to the reasonableness of the medical bills or about which damages are related to the alleged right hand and elbow injuries she claims were caused by WMATA.

Although Plaintiff's Amended Rule 26 Expert Disclosures states that Plaintiff's treating expert Dr. Foley will opine to the reasonableness of the medical bills, Dr. Foley is unable to do so. In his deposition, Dr. Foley was asked for his opinions regarding Plaintiff's medical expenses: "Q: But you don't have any opinions regarding the bills related to either your treatment or other outside doctor's treatment; is that correct? A: I -- I -- no, I don't think I have any opinion about the billing that was done for those." Ex. A, Dr. Foley Depo. Tr. at 26:1-5. *See also id.* at 25:3-10.

In addition, none of Plaintiff's Rule 26 Disclosures stated that Dr. Gasho will testify to the reasonableness and fairness of any medical bills. See Ex. B, Pl. First Am. Expert Disclosure; see Ex. C, Pl. Second Am. Expert Disclosure. Dr. Gasho does not provide an opinion regarding the billing in his Independent Medical Evaluation, nor did Dr. Gasho proffer at his deposition that he is able to do so. Dr. Gasho is also therefore precluded from testifying as to the reasonableness of medical costs at trial.

Neither of Plaintiff's designated experts can testify to the medical bills. Thus, the bills must all be excluded in their entirety (regardless of whether they are related to the treatment of Plaintiff's right hand).

## II. Duplicative Damages Should be Excluded

Should the Court allow Plaintiff's to present medical expense despite the lack of expert testimony as to their fairness and reasonableness, Plaintiff's damages must be limited. As discused throughout this motion, Plaintiff produced voluminous medical bills and records through discovery which she avers are related to the alleged negligence of WMATA and for which she seeks to recovery. Some of Plaintiff's medical bills are duplicative and reflect identical charges for the same service or treatment. There are so many instances of this to detail in this motion. One example are bills from Medstar Physicians Billing Services for $1,333.00. *See* Ex D, P51-P55. This is identical to a portion of the medical bill from Medstar Georgetown University Hospital Orthopaedics for treatment by Dr. Foley. *See* Ex. D, P56-P69; P256-P278. While the Medstar Georgetown University bills total $2,566.00, a portion of that total reflects the same $1,333.00 that was billed by Medstar Physicians Billing Services for Dr. Foley's services. In addition, the Medstar Georgetown University Hospital Orthopaedics on behalf of Dr. Foley, P256-P278 is duplicative of a second set of bills – Ex. D, P530-537, which are for the same dates of services and for the same services.

A second example are the medical bills Plaintiff submitted for Suburban-NRH Medical Services, for August 16, 2018 through October 29, 2019, (Ex. D, see P51-P55), and totaling $4,792.00 that are entirely duplicative of other medical billing submitted on behaf of Suburban-NRH Medical Services (Ex. D). In her disclosure on damages, ECF 18, Plaintiff counts both of these bills for the same services in her damages itemization and total.

These, and all other duplicate bills, should be precluded as including them is likely to mislead the jury as to th cost of treatment.. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. There is no probative value for presenting duplicative medical bills, and such a presentation may confuse the jury should they need to calculate damages.

In addition, the introduction of such duplicate bills could encourage the jury to award Plaintiff an unwarranted double recovery. Therefore, the Court should preclude Plaintiff from presenting duplicate sets of the same medical bills and order Plaintiff to claim only damages incurred as well as redact the portions of the bills that are duplicative that the jury may see.

**III. All Evidence, Testimony, and Argument Related to Acupuncture, and Massage Treatment. and Related Bills Should Be Excluded.**

Through discovery in this case, Plaintiff produced numerous medical records and bills from a variety of different providers and treaters. Two large categories of medical records include acupuncture and massage treatments. Specifically, in her Disclosure on Damages, ECF 18, Plaintiff represents that she incurred $10,765.00 in bills from Awaken Wellness. Plaintiff has produced copies of bills and records in discovery, along with producing $2,885.00 in bills with the corresponding records from Nourishing Life Wellness.

These records and bills should be excluded at trial, and any argument related to such treatments or damages should be precluded. These treatments, as evidenced from the records themselves, are irrelevant to the alleged harm and injuries in this case because they are for injuries other than those to Plaintiff's right hand or elbow. In addition, Plaintiff has not identified

an expert who can opine as to the reasonableness and/or necessity of either the acupuncture or the massage treatments.

Plaintiff alleges WMATA injured her right hand and right elbow. The acupuncture and massage records describe a number of other injuries and aliments unrelated to WMATA's alleged negligence, such as treatment for Plaintiff's left hand, asthma, stress and anxiety, shoulder pain, neck pain, and other symptoms or issues. These medical records and bills are clearly not relevant to this claim. The Court should preclude Plaintiff from making any allusion at trial to these unrelated treatments, including their cost.

In addition to issues with the relevance of many of the massage and acupuncture treatments, Plaintiff failed to designate an expert who could discuss these treatments, their connection to the alleged incident, the necessity and reasonableness of the treatment, or the appropriateness of the bills for such services.[1] None of the remaining designated experts are experts in either acupuncture or massage treatment, are not designated to opine on such topics, and testified that they are unable opine on such treatments or billing.

Plaintiff's expert Dr. Foley is an orthopedic hand surgeon, and neither his deposition nor CV indicate any experience, knowledge, or ability to testify regarding homeopathic treatments, like acupuncture or massage. Dr. Foley's deposition testimony was limited to a general awareness that Plaintiff received acupuncture and massage treatments, but he did not prescribe such treatment and was unable to articulate an opinion as the treatment, its necessity, or its relation to the incident. *See* Ex. A, Dr. Foley. Depo. Tr. at 36:13-38:13.

[1] Plaintiff's Amended Rule 26 Expert Disclosure dated March 20, 2023, designated Dr. Nguyen, as an expert specific to the acupuncture and massage treatments and billing. *See* Ex. B; Pl. First Am. Expert Disclosure. However, Plaintiff later withdrew this designation on May 19, 2025. *See* Ex. E; May 19, 2025 Email. *See also* Ex. C; Pl. Second Am. Expert Disclosure.

Similarly, Plaintiff's expert Dr. Gasho is also an orthopedic surgeon. Dr. Gasho testified at his deposition that he is not trained in Eastern medicine, is not an expert at acupuncture, and that his knowledge of the treatment is limited. *See* Ex. F; Dr. Gasho Depo. Tr. at 29:2-21. "Expert testimony is needed to establish the fairness and reasonableness of medical bills as well as the necessity of the services incurred." *Scott v. United States*, 2009 U.S. Dist. LEXIS 146161, *7 (D. Md. 2009).

Therefore, the Court should preclude Plaintiff from introducing either bills or records related to either the acupuncture or massage treatment and must further be precluded from offering argument or testimony regarding such treatment, or the associated bills and damages, at trial.

## IV. Records and Bills for Unrelated Damages (Injuries Other than Plaintiff's Right Hand and Elbow) Should be Excluded

Throughout discovery Plaintiff has remained consistent in her assertion that she seeks recovery for harm to her right hand and right elbow only, [See Ex. G; Pl. Ans. Int. No. 14] while producing medical records and bills related to injuries, damages, and bills for unrelated injuries to her left hand, shoulders, back, and for other issues, including psychological issues. The introduction of medical bills and records for injuries that are unrelated to the incident at issue should be excluded.

Under the Federal Rules of Evidence, "relevance requires only that the proffered evidence tends to make the existence of a fact in issue more or less probable than without the evidence." *See* Fed. R. Evid. 401. Evidence is not admissible when it does not meet this definition. Here, evidence and testimony regarding Plaintiff's unrelated injuries have no relevance to this claim. Neither Plaintiff nor her experts have opined that the cause of these other ailments are related to the alleged negligence. In fact, Plaintiff stated that her alleged injuries did

not result in aggravation of any previous or pre-existing conditions. See Ex. G; Pl. Ans. Int. No. 17. Thus, evidence of these other unrelated injuries should be excluded.

In addition, the introduction of evidence or testimony regarding Plaintiff's shoulders, left arm, left hand, and other ailments outside of her right hand and right elbow would only result in confusion and waste of judicial time and resources. See Fed. R. Evid. 403 (allowing the exclusion of evidence that risks "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

Not only is there no probative value for evidence concerning unrelated injuries, but Plaintiff has failed to designate any expert to opine on these other issues. "'In order for the amount paid or incurred for medical care to be admissible as evidence of special damages, there ordinarily must be evidence that the amounts are fair and reasonable.' […] 'Evidence of the amount or payment of medical bills does not establish the reasonable value of the services for which the bills were rendered or justify recovery therefor.'" *Desua*, 137 Md. App. at 143, 768 A.2d at 59 (internal citations omitted). Along with reasonableness of the damages, Plaintiff must also put forth expert testimony that medical treatment was "necessary." *Id.* at 144 (citing *Metro. Auto Sales v. Koneski*, 252 Md. 145, 154 (1969). Plaintiff failed to do this. Dr. Foley testified that he is designated solely to discuss the treatment to Plaintiff's right hand. *See* Ex. A, Dr. Foley Tr. 23:18-24:19. *See also* Ex. F, Dr. Gasho Depo. Tr. 19:19-21 ("Q: Okay. So, your opinions are related to her -- her hand? A: Right hand, yeah.").

Therefore, since evidence concerning unrelated injuries would have no probative value and because Plaintiff failed to put forth any expert on such topics, all damages, evidence, testimony, and argument, regarding any ailments to Plaintiff other than the injuries to her right hand and right elbow must be excluded. To the extent that Plaintiff seeks to introduce medical

records that contain entries or discuss multiple issues, Plaintiff must redact such entries prior to introducing such to the jury. To the extent that medical bills fail to articulate what charges are specific to the right hand and/or right elbow treatment, and those charges for other injuries, those bills must be excluded.

## V. Evidence and Testimony of the PRP Injection Treatments Should Be Excluded

Plaintiff, through both written discovery and her deposition, indicated that she received two Platelet-Rich Plasma (PRP) injection treatments, which she alleges were treatment for damages caused by WMATA and for which she seeks damages. All testimony of the PRP injection treatment, and all related records and bills, should be excluded at trial.

Plaintiff failed to designate an expert who can opine as to the necessity of the PRP treatment. Indeed, Dr. Foley, Plaintiff's expert, testified that he is "not aware of any literature showing benefits of injections for PRP for hand injuries." See Ex. A; Dr. Foley Depo. Tr. at 58:1-6. Dr. Foley was asked about the PRP treatment in his deposition:

> Q Is a PRP injection something that you could also perform? A It's not something that I do. Q Is there a different type of specialist that would do that type of injection? A There -- there are other orthopedic doctors who do that. In hand surgery, PRP is not something that is common, I would say. But there -- there are some injuries that -- that are noted to have improvement with PRP injections.

Ex. A; Dr. Foley Depo. Tr. at 57:3-12. Even if he was so aware, Dr. Foley is not equipped to testify regarding the necessity of PRP treatment in this case. *See* Ex. A; Dr. Foley Depo. Tr. at 57:3-12.

Plaintiff has not designated, nor indicated that they intend to call, the doctor who prescribed such treatment, the doctor who performed the PRP treatments, or any doctor who regularly conducts such treatments or who could otherwise be considered an expert concerning the PRP treatment. Thus, Plaintiff wishes to recover for treatment which none of her experts are able to state was necessary or warranted, and for whom no person can testify as to the validity of

the expense allegedly incurred. Therefore, any testimony, argument, records, or bills of the PRP treatments should be excluded at trial.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, WMATA respectfully requests that the Court grant its Motion *in Limine* and preclude Plaintiff's counsel from introducing evidence, or argument related to the categories of damages outlined in this motion.

Dated: February 9, 2026

Respectfully submitted,
**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ Patricia H. Beall*

Patricia H. Beall, Esq. (MD Bar No.: 29593)
Nathan R. Lefko, Esq. (MD Bar No.: 30994)
1500 K Street, NW, Suite 330
Washington, D.C. 20005
Telephone: (202) 626-7660
Facsimile: (202) 628-3606
Patricia.Beall@wilsonelser.com
Nathan.Lefko@wilsonelser.com

Jason R. Waters, Esq. (MD Bar No.: 27867)
8444 Westpark Drive - Suite 510
McLean, VA 22102-5102
Telephone: (703) 245-9300
Facsimile: (703) 245-9301
Jason.Waters@wilsonelser.com
*Counsel for Defendant Washington Metropolitan Area Transit Authority*

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY**

Laurie Hand, Esq. (MD Bar No.: 11470)
WMATA, Legal Department 7E,
P.O. Box 23768
Washington, D.C. 20026-3768
Telephone: (202) 962-5063
Facsimile: (202) 962-2550
LAHand@wmata.com

*Counsel for Defendant Washington Metropolitan Area Transit Authority*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of February, 2026 that a copy of the foregoing **Defendants' Memorandum in Support of the Motion in Limine to Preclude Certain Categories of Medical Records and Bills** was filed with the Clerk of Court using the CM/ECF system.

*/s/ Patricia H. Beall*________________
Patricia H. Beall, Esquire