**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MOLLI CHANG** | : | |
| *Plaintiff,* | : | |
| vs. | : | Civil No. 8:22-cv-2208 *GLS* |
| **CHRISTOPHER JACKSON, et al.** | : | |
| *Defendants,* | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN *LIMINE* TO PRECLUDE PLAINTIFF'S COUNSEL FROM IMPROPERLY PREJUDICING THE JURY BY USING TRIAL TACTICS BASED ON THE "REPTILE THEORY"**

**COMES NOW**, Plaintiff Molli Chang ("Plaintiff"), by and through the undersigned counsel, and hereby files her Opposition to Defendant's Motion *in Limine* to Preclude Plaintiff's Counsel from Improperly Prejudicing the Jury by Using Trial Tactics Based on the "Reptile Theory" and as her reasons states as follows:

## I. INTRODUCTION AND EVIDENCE

This case originates from a bus versus pedestrian collision in Silver Spring, Maryland, on June 27, 2019. Plaintiff was walking in the crosswalk on Wayne Avenue at its intersection with Georgia Avenue in the downtown area of Silver Spring, Maryland. A bus owned and operated by Defendant WMATA and driven by its employee Christopher Jackson was making a right turn onto Wayne Avenue while the Plaintiff was walking across the street. At some point in time, the bus struck the outside edge of Plaintiff's right hand, injuring her fifth "pinky" finger. Plaintiff contends the bus hit her hand as she was falling backward to get out of the way of the bus. After hitting Plaintiff's finger while she was inside the crosswalk, Mr. Jackson continued driving the bus further

down Wayne Avenue to his bus stop. After passengers got off the bus, Mr. Jackson then drove away.

Defendant filed a Motion *in Limine* to preclude Plaintiff from using trial tactics based on the "Reptile Theory." Plaintiff files her Opposition because it is not clear what relief Defendant is seeking.

## **II. ARGUMENT**

Defendant's motion fails to articulate the specific relief it is seeking, which makes it hard for Plaintiff to oppose. Exhibit 1 to Defendant's motion is 40 pages of several different strategies that seem barely connected by only a vague theme. Many of those strategies are universal and certainly not exclusive to Defendant's excerpt. In other words, the "Reptile Theory" as set forth in Exhibit 1 is not as singular as Defendant's motion makes it out to be.

Defendant did not receive these excerpts from the Plaintiff or undersigned counsel. Undersigned counsel has previously read portions of this book several years ago. The undersigned has also read numerous other books about trial tactics. Most of these books contain some helpful tips and several unhelpful tips. These books are intended to help with trial strategy, but not to supplant actual law on trial tactics.

To the extent Defendant's motion seeks an Order from this Court that Plaintiff and Counsel follow the law as it applies to the facts of this case and as it applies to trial tactics, Plaintiff does not oppose it. Both parties and counsel should follow the law regarding trial tactics. Further, undersigned Counsel has no intention of mentioning reptiles or their brains at trial.

However, undersigned counsel is not an expert on the "Reptile Theory." Some of the *legal* trial tactics that undersigned counsel may use at trial could overlap with tactics contained in Defendant's Exhibit 1, but are also contained in numerous other books on trial tactics and/or may

spontaneously arise during argument.

Plaintiff and Counsel are not required to disclose trial tactics to determine whether they fall within any category of "Reptile Theory." A useful and legal trial tactic may be included in Defendant's excerpts, but Defendant's motion fails to argue why those otherwise legal tactics should be excluded merely because they appear in a book. In other words, the law in the Fourth Circuit is generally pretty clear regarding what are and are not permissible trial tactics. That law is what should govern in this case. Objections to any trial tactics perceived as improper may be taken up as they arise at trial, without the need for a blanket ruling *in limine* that might speculatively forbid such tactics.

Neither undersigned counsel, nor Plaintiff have any intention of misstating the applicable law on any area, including on the standard of care, or otherwise trying to "convert the claim into what is in essence a strict liability finding." Defendant's motion, page 4.

## III. CONCLUSION

The Court will read instructions to the jury on how to apply the law to facts. The jury is presumed to follow those instructions. Neither Plaintiff, nor her attorney, have any interest in contradicting or otherwise attempting to nullify those instructions.

WHEREFORE, the Plaintiff Molli Chang respectfully requests that this Honorable Court DENY Defendant's Motion *in Limine* to Preclude Plaintiff's Counsel from Improperly Prejudicing the Jury by Using Trial Tactics Based on the "Reptile Theory".

Respectfully submitted,

*/s/ Jonathan Carroll*

Jonathan R. Carroll, Esquire (Bar No. 17711)
JEZIC & MOYSE, LLC
2730 University Boulevard West, Suite 604
Wheaton, MD 20902
Telephone: (240) 292-7200
Facsimile: (240) 292-7255
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 2, 2026, a copy of the foregoing was served *via* the Court's electronic filing system on the following:

Patricia H. Beall #29593
Nathan R. Lefko #30994
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
patricia.beall@wilsonelser.com
nathan.lefko@wilsonelser.com
1500 K Street, NW, Suite 330
Washington, DC 20005
Ph: (202) 626-7660
Fax: (202) 628-3606
*Attorney for Washington Metropolitan Area Transit Authority*

Jason R. Waters #27867
jason.waters@wilsonelser.com
8444 Westpark Drive, Suite 510
McLean, VA 22102-5102
Ph: (703) 245-9300
Fax: (703) 245-9301
*Attorney for Washington Metropolitan Area Transit Authority*

Laurie Hand #11470
WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY
lahand@wmata.com
Legal Department
P.O. Box 23768
Washington, D.C. 20026
Ph: (202) 962-5063
Fax: (202) 962-2550
*Attorney for Washington Metropolitan Area Transit Authority*

*/s/ Jonathan Carroll*
Jonathan R. Carroll, Esquire (Bar No. 17711)