**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MOLLI CHANG** | : | |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| vs. | : | Civil No. 8:22-cv-2208 |
| | : | |
| **CHRISTOPHER JACKSON, et al.** | : | |
| | : | |
| | : | |
| *Defendants,* | : | |

**PLAINTIFF'S MOTION FOR THE COURT TO READ TO THE JURY *MPJI-Cv 18:8* AND *Md. Code Ann., Transp. § 21-203(b)***

**COMES NOW** Plaintiff Molli Chang ("Plaintiff"), by and through the undersigned counsel, and hereby moves this honorable Court to charge the jury with Maryland Pattern Civil Jury Instruction 18:8 along with the relevant statutes and as her reasons states as follows:

**A. Jury Instruction and Statute Requested**

Plaintiff, Molli Chang, is requesting this Court read to the jury the following jury instruction:

**The violation of a statute, which is a cause of the plaintiff's injuries or damages, is evidence of negligence.**

*MPJI-Cv 18:8*

Plaintiff alleges Mr. Jackson violated *Md. Code Ann., Transp. § 21-203(b)*, which states:

**(b) A pedestrian facing a "walk" or "walking person" signal may cross the roadway in the direction of the signal and shall be given the right-of-way by the driver of any vehicle.**

On June 27, 2019, Plaintiff Molli Chang was walking across Wayne Ave inside the crosswalk with a walk signal. Defendant Christopher Jackson was driving a transit bus for

Defendant WMATA and made a right turn onto Wayne Ave striking Ms. Chang. Ms. Chang requests the Court to read this jury instruction to the jury to clarify that she had the right-of-way.

### B. Legal Standard

A trial court is afforded wide discretion in fashioning jury instructions:

> The party challenging the jury instructions faces a heavy burden, for "we accord the district court much discretion" to fashion the charge. *Teague v. Bakker*, 35 F.3d 978, 985 (4th Cir. 1994). A district court will be reversed for declining to give an instruction proposed by a party only when the requested instruction "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired" that party's ability to make its case. *United States v.Lighty*, 616 F.3d 321, 366 (4th Cir. 2010) (quotation omitted).

*Noel v. Artson*, 641 F.3d 580, 586-87 (4th Cir. 2011).

*MPJI-Cv 18:8* along with *Md. Code Ann., Transp. § 21-203(b)* meets the three elements set forth in *Noel.*

#### 1. The violation of a statute being evidence of negligence is a correct statement of the law recognized in both Maryland state and federal courts.

The Maryland Pattern Jury Instructions are given great weight in Maryland:

> At the outset, we note that it is well-established that a trial court is strongly encouraged to use the pattern jury instructions. *See Yates v. State*, 202 Md. App. 700, 723, 33 A.3d 1071 (2011) (noting that we have repeatedly "recommended that trial judges use the pattern instructions"), *aff'd*, 429 Md. 112, 55 A.3d 25 (2012); *Minger v. State*, 157 Md. App. 157, 161 n.1, 849 A.2d 1058 (2004) ("Appellate courts in Maryland strongly favor the use of pattern jury instructions."); *Green v. State*, 127 Md. App. 758, 771, 736 A.2d 450 (1999) ("[W]e say for the benefit of trial judges generally that the wise course of action is to give instructions in the form, where applicable, of our Maryland Pattern Jury Instructions.").

*Johnson v. State*, 223 Md. App. 128, 152, 115 A.3d 668, 682 (2015).

Mr. Jackson's failure to yield the right-of-way was the proximate cause of Ms. Chang's injuries and is evidence of Mr. Jackson's negligence.

> While it is the settled rule in this State that the mere violation of a statute or ordinance does not of itself support an action for damages, it is also well settled that where such a violation is the proximate cause of an injury, a right of action does accrue to the party injured.

*Hopper, McGaw & Co. v. Kelly,* 145 Md. 161, 169, 125 A. 779, 781 (1924).

Maryland federal Courts also recognize this doctrine in Maryland:

> Maryland courts have also held that "[i]t is a settled common law rule in Maryland that a violation of a relevant statute or ordinance may be evidence of negligence to be considered by the trier of fact, although such violation does not establish negligence . . . as a matter of law." *Maurer v. Pa. Nat'l Mut. Cas. Ins. Co.*, 404 Md. 60, 945 A.2d 629, 634 (Md. 2007) (quoting *Absolon v. Dollahite*, 376 Md. 547, 831 A.2d 6, 9 (Md. 2003))

*Hughes v. Costco Wholesale Corp.,* Civil Action No. 23-cv-02997-LKG, 2024 U.S. Dist. LEXIS 102060, at *4 (D. Md. June 6, 2024).

Ms. Chang was in the class of people intended to be protected by *Md. Code Ann., Transp. § 21-203(b).*

> We see no ambiguity or obscurity in the language used in § 11-203 and find that the legislative intent is clear without the need to look beyond the statute to ascertain it. In so finding, we in no way imply that it is unwise, harsh or unjust. Patently, the legislature sought to protect the pedestrian, and its intent is not, in any event, inconsistent with what a reasonably prudent person would do in like circumstances.

Schweitzer v. Brewer, 280 Md. 430, 440-41, 374 A.2d 347, 353 (1977).[1]

---

[1] The statue addressed by the Court, Maryland Motor Vehicle Law *§ 11-203*, is the earlier version of *Md. Code Ann., Transp. § 21-203(b)* with almost identical language:

> Section 11-203 of the Maryland Vehicle Law provides:
> Whenever special pedestrian control signals exhibiting the words "walk" or "don't walk" or "wait" are in place, they shall indicate as follows:
> (1) *Walk.* -- Pedestrian facing this signal may proceed across the roadway in the direction of the signal and shall be given the right-of-way by the drivers of all vehicles. At an intersection where an exclusive all pedestrian interval is provided, pedestrians may proceed across the roadway in any direction within the intersection.

*Schweitzer,* at 435, 350.

In the present case, Ms. Chang is alleging Mr. Jackson struck her while she was walking inside the cross-walk crossing at a walk signal. Mr. Jackson's failure to yield the right-of-way to Ms. Chang is the proximate cause of her injuries.

**2. None of the other proposed jury instructions address a pedestrian crossing in a crosswalk with a "walk sign" and the resultant right-of-way it creates.**

Proposed jury instruction *MJPI-Cv 23:2* is the only other proposed jury instruction to address pedestrian and motorist duties. That instruction only addresses the reciprocal duties to use reasonable care and keep a proper lookout by both pedestrian and motorist:

> The law imposes upon the operators of vehicles and pedestrians using a public street or highway the duty to exercise ordinary care. These duties are mutual and reciprocal. Vehicle operators must exercise ordinary care so as to avoid injuring others and pedestrians must exercise ordinary care to ensure their own safety. When persons are using, or about to use a public street or highway either as vehicle operators or pedestrians, they have a duty to keep a proper lookout in order to protect themselves and others. What constitutes a proper lookout is determined by the particular facts of the case.

*MPJI-Cv 23:2*

*MPJI-Cv 23:2* does not assign a right-of-way or preference to either pedestrian or motorist. It does not fully address Maryland law regarding crosswalks where the pedestrian has a walk signal. MPJI-Cv 18:8 and Md. Code Ann., Transp. § 21-203(b), assign the right-of-way to Plaintiff as the pedestrian crossing on a walk signal.

**3. Informing the jury that Ms. Chang had the right-of-way is so important to her case that a failure to give the instruction would seriously impair her ability to make her case.**

Ms. Chang is expected to testify that she was walking across Wayne Ave inside the crosswalk with a "walk" signal. Mr. Jackson attempted to turn onto Wayne Ave street while Ms. Chang was in the crosswalk. Mr. Jackson attempted to go around Ms. Chang hitting her hand in the process. In other words, he failed to yield the right-of-way to her.

"'Right-of-way' means the right of one vehicle or pedestrian to proceed in a lawful manner on a highway in **preference to another vehicle** or pedestrian." *Md. Code Ann., Transp. § 21-101(t)* (Emphasis Added). Ms. Chang's status as having preference over Mr. Jackson while in the crosswalk with a walk signal is a necessary statement of law for the jury to fully evaluate the facts of the case. The only other jury instruction to address pedestrian and motorists' respective duties, *MPJI-Cv 23:2,* identifies only general mutual duties between the two. *MPJI-Cv 23:2* does not address the specific scenario of a motorist crossing with a walk signal. As a result, it does not assign preference to either pedestrian or motorist in this scenario. It does not fully describe Maryland law for this scenario.

Without addressing right-of-way, a jury could mistakenly believe that all rights and responsibilities between pedestrian and motorist are identical in this scenario when they are clearly not. Or worse, the jury could mistakenly believe a transit bus would have the right-of-way in this scenario.

*MPJI-Cv 18:8* informs the jury how to apply a potential violation of *Md. Code Ann., Transp. § 21-203(b)*. The statute implies a specific standard of care: a motorist must yield the right-of-way to pedestrians in a crosswalk with a walk signal. *MPJI-Cv 18:8* explains how to interpret that breach of the standard of care: it is evidence of negligence.

Without both *MPJI-Cv 18:8* and *Md. Code Ann., Transp. § 21-203(b)* the jury will be left without a major piece of the puzzle with which to decide this case. In other words, it will be impossible for a jury to apply to the law to the facts of this case if they are not given a complete statement of the relevant law in this case.

## C. Conclusion

*MPJI-Cv 18:8* and *Md. Code Ann., Transp. § 21-203(b)* are black letter law in the state of Maryland and not in dispute. They are squarely on point to the facts of the case. They are clear and unambiguous and can only serve help the jury more fully understand Maryland as it applies to this case.

**WHEREFORE**, the Plaintiff Molli Chang respectfully requests that this Honorable Court read *MPJI-Cv 18:8* and *Md. Code Ann., Transp. § 21-203(b)* to the jury and any further relief the Court deems necessary.

Respectfully submitted,

*/s/ Jonathan Carroll*

Jonathan R. Carroll, Esquire (Bar No. 17711)
JEZIC & MOYSE, LLC
2730 University Boulevard West, Suite 604
Wheaton, MD 20902
Telephone: (240) 292-7200
Facsimile: (240) 292-7255
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 17, 2026, a copy of the foregoing was served *via* the Court's electronic filing system on the following:


**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER, LLP**

*/s/ Patricia H. Beall, Esq.*
Nathan R. Lefko, Esq. (MD Bar No.: 30994)
Patricia H. Beall, Esq. (MD Bar No.: 29593)
1500 K Street, NW, Suite 330
Washington, D.C. 20005
Telephone: (202) 626-7660
Facsimile: (202) 628-3606
Patricia.Beall@wilsonelser.com
Nathan.Lefko@wilsonelser.com
*Attorneys for Defendant WMATA*

*/s/ Jason R. Waters*
Jason R. Waters, Esq. (MD Bar No.: 27867)
8444 Westpark Drive, Suite 510
McLean, VA 22102-5102
Telephone: (703) 245-9300
Facsimile: (703) 245-9301
Jason.Waters@wilsonelser.com
*Counsel for Defendant Washington Metropolitan Area Transit Authority*

*/s/ Jonathan Carroll*
Jonathan R. Carroll, Esquire (Bar No. 17711)